UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-80801-BLOOM/VALLE

ALEXANDER PEKLUN, as Personal Representative of the Estate of Sergey Peklun, and VIKTORIA PEKLUN, individually,

    Plaintiffs,

v.

TIERRA DEL MAR CONDOMINIUM ASSOCIATION, INC., MARIA VERDUCE, and FRANK SPECIALE,

    Defendants.
_____/

## ORDER ON MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Defendant Tierra Del Mar Condominium Association, Inc.'s ("TDM") Motion in Limine to Exclude References to and Evidence of Irrelevant and Prejudicial Matters, ECF No. [95] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural posture of this case. *See Peklun v. Tierra Del Mar Condo. Ass'n, Inc.*, No. 15-CIV-80801, 2015 WL 8029840, at *1 (S.D. Fla. Dec. 7, 2015) (Order on Cross-Motions for Summary Judgment, ECF No. [72]). In short, Plaintiffs allege that Defendant TDM granted the late Sergey Peklun ("Mr. Peklun") a reasonable accommodation in 2011, that permitted him to have a dog despite a no-pets policy in the building. However, in late 2012, another unit owner in the building (Frank Speciale)

complained about Mr. Peklun's dog (Julia) and threatened litigation, and TDM required Mr. Peklun to reapply for the reasonable accommodation it had previously granted in 2011. Mr. Peklun reapplied in 2013, but TDM denied the request. Plaintiffs allege that the 2013 Denial constitutes discrimination and violated the Florida and Federal Fair Housing Acts (collectively, the "FHA"). Plaintiffs further allege that Defendant Maria Verduce, a TDM board member, conspired with Mr. Speciale to inflict emotional distress on Mr. Peklun and his wife.

On August 4, 2015, the Court granted in part and denied in part Defendants' Motion to Dismiss. *See* ECF No. [30]. Plaintiffs filed a Second Amended Complaint on August 24, 2015, ECF No. [36]. On September 16, 2015, Defendants filed a Motion for Summary Judgment as to Count IV (discrimination under the FHA) of Plaintiffs' Second Amended Complaint. ECF No. [44]. Plaintiffs in turn filed their own Motion for Summary Judgment as to all four Counts. ECF No. [57]. On December 7, 2015, the Court denied both parties' respective Motions for Summary Judgment. *See* ECF No. [72]. On January 13, 2016, the Court granted Plaintiffs' motion to dismiss Defendant Frank Speciale with prejudice. *See* ECF Nos. [84], [87]. On March 29, 2016, TDM filed the instant Motion In Limine. ECF No. [95]. Plaintiffs filed a Response on April 12, 2016, and TDM filed a Reply on April 18, 2016. ECF Nos. [99], [102].

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

## III.   DISCUSSION

This trial, scheduled for August 8, 2016, concerns Plaintiffs' Second Amended Complaint, Counts I through IV, as affected by the Court's subsequent Orders. In Count IV of the Second Amended Complaint, Plaintiffs allege that Defendants TDM and Maria Verduce discriminated against Sergey Peklun in Violation of the FHA. ECF No. [36]. Plaintiffs demand compensatory and punitive damages. *Id.* Counts I through III bring claims against Ms. Verduce for intentional infliction of emotional distress and conspiracy to inflict emotional distress. *Id.* Plaintiffs demand costs and damages, including death, funeral, and burial expenses, punitive damages, and attorney's fees incurred in the county court case of *Speciale v. Peklun. Id.*

Defendant TDM's Motion asks the Court to exclude a litany of evidence and testimony at trial. Specifically, TDM seeks to exclude any documentary evidence, testimony, or argument regarding:

3

1. Any matter occurring after August 11, 2014 – the date on which the TDM Board passed a Corporate Resolution approving Sergey Peklun's 2013 accommodation request;

2. The suicide of Sergey Peklun, including any allegation that the TDM caused Sergey Peklun to commit suicide or that it had any legal duty to prevent Sergey Peklun's suicide;

3. That Sergey Peklun was disabled within the meaning of the FHA because he suffered from heart disease, kidney disease, lung disease, sleep apnea, anxiety or depression;

4. Testimony or evidence attempting to link unrelated damages, specifically, any damages sustained by Plaintiffs prior to May 31, 2013 – the date that Sergey Peklun's accommodation request was denied – or after March 11, 2014 – the date that Judge Garrison granted Frank Speciale's request for a preliminary injunction, requiring Sergey Peklun and Viktoria Peklun to remove their dog from TDM;

5. That Sergey Peklun's dog "Julia" qualified as a service animal;

6. That the TDM arbitrarily revoked Sergey Peklun's 2011 accommodation when it requested that Sergey Peklun submit an application for accommodation in 2013;

7. Testimony of Dr. Paul Murray, Dr. John A. DiSilvestro, or Dr. Brenda Bourassa;

8. Testimony of Dr. Rima Bakhda or Dr. Matthew Dothager;

9. The Notice of Determination issued on May 5, 2014 by the Palm Beach County Board of County Commissioners Office of Equal Opportunity (hereinafter "PBCOEO"), together with the PBCOEO Investigative Report (collectively, the "Reports"), with respect to the Fair Housing Complaint filed by Sergey Peklun;

10. Expert Witness Testimony of Frank Speciale's Legal Counsel, Chris Salivar Esquire;

11. Expert Witness Testimony of Peter Wallis, Esquire;

12. Existence of insurance coverage (unopposed by Plaintiffs);

13. Other prejudicial and irrelevant matters;

14. Additionally, TDM requests that this Court preclude Plaintiffs from introducing any documentary evidence, testimony, or argument of counsel, concerning any matter outside of the scope of the triable issues of fact remaining, as framed by this Court's December 7, 2015 Order, to wit: the "….TDM's exclusive reliance on the lack of certification and its failure to exert any effort to investigate the status of the alternative possibility: that Julia was still required as an emotional support animal."

ECF No. [95] at ¶¶ 1-14.

TDM correctly notes that the Court's December 7, 2015 Order narrowed the triable issues related to Count IV of the Second Amended Complaint. In that Order, the Court ruled, among other holdings, that 1) only Mr. Peklun's sleep apnea may qualify as a disability under the FHA; 2) evidence supports the conclusion that TDM was aware of Mr. Peklun's disability; and 3) TDM did not err in requesting that Mr. Peklun resubmit information regarding Julia's necessity and training. *See* ECF No. [72] at 18-20, 22, 26, 31. The Court then allowed Count IV to proceed, finding that an "issue of fact arises due to TDM's exclusive reliance on the lack of certification and its failure to exert any effort to investigate the status of the alternative possibility: that Julia was still required as an emotional support animal." *Id*. at 31.

Contrary to TDM's framing in its Motion, however, this is not the sole issue remaining before the Court. In addition, Plaintiffs bring Counts I through III against Maria Verduce in her individual capacity, alleging that Ms. Verduce intentionally inflicted and conspired to inflict emotional distress from November 2012 until Mr. Peklun's suicide on February 12, 2015. *See*

ECF Nos. [36] at ¶¶ 14-72, [72] at 34-35.  Plaintiffs' claims include allegations that Ms. Verduce conspired with Mr. Speciale to bring a suit against Mr. Peklun in county court, causing the Peklun's "extreme emotional and physical distress."  ECF No. [36] at ¶¶ 65-66.  Ms. Peklun claims that "[h]er losses are permanent or continuing and she will suffer losses in the future." *Id.* at ¶ 59.  While TDM does not address Counts I through III in its Motion, much of the evidence that TDM seeks to exclude from trial is clearly relevant to the claims against co-Defendant Verduce.  For this reason, the Court denies the Motion as to Requests 1, 4, 8, 10, and 14.  TDM's remaining requests require a more nuanced analysis.

Request 2 regards "[t]he suicide of Sergey Peklun, including any allegation that the TDM caused Sergey Peklun to commit suicide or that it had any legal duty to prevent Sergey Peklun's suicide."  Mr. Peklun's suicide is certainly relevant and is not overly prejudicial as to Counts I through III, and therefore may be admitted.  However, the Court has found that neither Ms. Verduce nor TDM owed a duty to prevent Mr. Peklun's suicide, and accordingly dismissed Plaintiffs' wrongful death claims.  *See* ECF No. [30].  Therefore, Plaintiffs may not infer or make any argument that TDM caused Sergey Peklun to commit suicide or that it had any legal duty to prevent his death.

Request 3 seeks to exclude evidence "[t]hat Sergey Peklun was disabled within the meaning of the [FHA], because he suffered from heart disease, kidney disease, lung disease, sleep apnea, anxiety or depression."  The Court has ruled that only Mr. Peklun's sleep apnea may qualify as a disability under the FHA.  *See* ECF No. [72] at 15-22.  Whether TDM's denial of Mr. Peklun's 2013 request to keep Julia constituted discrimination is a remaining issue in Count IV.  Accordingly, Plaintiffs may present evidence of Mr. Peklun's sleep apnea.  Regarding Mr. Peklun's other illnesses, Plaintiffs may not argue that they serve as predicate disabilities

under the FHA. However, Mr. Peklun's illnesses are relevant for the purposes of Counts I through III and are admissible.

Request 5 seeks to bar evidence that "Sergey Peklun's dog 'Julia' qualified as a service animal." While the facts may show that Julia did not qualify as a service animal, "Julia may have served [Mr.] Peklun as both an emotional support animal as well as a service animal; the two bases are not mutually exclusive." *Id.* at 31. Accordingly, evidence relating to Julia prior to Mr. Peklun's death is relevant and admissible.

Request 6 seeks to exclude evidence "[t]hat the TDM arbitrarily revoked Sergey Peklun's 2011 accommodation when it requested that Sergey Peklun submit an application for accommodation in 2013." Pursuant to the Court's December 7, 2015 Order, only the circumstances of the 2013 denial remain at issue in Count IV. *See id.* at 24, 31. Whether TDM discriminated against Mr. Peklun by demanding a new application is not. *See id.* at 25-26. Because the revocation of the 2011 accommodation is not at issue, argument that TDM "arbitrarily" revoked the accommodation is not relevant and is overly prejudicial. *See* Fed. R. Evid. 403.

The Court will allow the testimony of Dr. Paul Murray, Dr. John A. DiSilvestro, and Dr. Brenda Bourassa (Request 7). All three doctors will apparently testify to Mr. Peklun's need for Julia. *See* ECF No. [95] at 16. Any testimony relating to the need for Julia on account of Mr. Peklun's sleep apnea is directly relevant to whether she served as an "emotional support animal." Evidence of Mr. Peklun's medical conditions is relevant to Counts I through III. Accordingly, the testimony is admissible.

Request 9 asks that the Court exclude the Notice of Determination issued on May 5, 2014 by the PBCOEO, together with the PBCOEO Investigative Report, with respect to the Fair

7

Housing Complaint filed by Sergey Peklun. While such reports are generally admissible in bench trials, "the same liberal admissibility" does not necessarily apply in jury trials, and may be excluded under Rule 403. *See Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). The admission of agency reports "in certain circumstances, may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more." *Id.* In determining whether to admit an agency report, a court considers "whether the report contains legal conclusions in addition to its factual content . . . whether the report raises questions of trustworthiness under Rule 803(8)(C) . . . and whether it presents problems cognizable under Rule 403." *Barfield v. Orange Cty.*, 911 F.2d 644, 650 (11th Cir. 1990) (internal citation omitted).

In Response, Plaintiffs argue essentially that the Reports may be used on rebuttal or for impeachment purposes. *See* ECF No. [99] at 12. The Court will not rule, at this time, whether Plaintiffs may use the Reports for these purposes. *See In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1. However, the PBCOEO's disability conclusions appear to conflict with the law of this case, and other PBCOEO findings extend beyond the scope of the remaining issues in Count IV. *See* ECF No. [51-36], at 239-40. Furthermore, the Reports contain inadmissible hearsay. *See Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013). To the extent that the Reports reach conclusions of law in contradiction to or beyond the Court's December 7, 2015 Order, they are excluded from Plaintiffs' case in chief. *See Walker*, 53 F.3d at 1554. The Court will entertain all other motions if and when Plaintiffs seek to admit specific portions of the Reports. *See Gonzalez*, 718 F. Supp. 2d at 1345.

In Request 11, Defendants seek to exclude "[t]he Expert Witness Testimony of Peter Wallis, Esq[uire]." The testimony of Mr. Wallis, Plaintiffs' former attorney, is relevant to the damages Plaintiffs allegedly suffered due to Ms. Verduce and TDM's actions. TDM cites to Rule 3.7(a) of the Model Rules of Professional Conduct, but has not argued how it may be prejudiced by Mr. Wallis's testimony. Moreover, the Court granted Mr. Wallis's motion to withdraw on April 19, 2016. *See* ECF Nos. [103], [104]. Accordingly, TDM's conflict of interest concerns appear moot. If, during these proceedings, Defendants believe that Plaintiffs have waived the attorney-client privilege, the Court will entertain an appropriate motion by TDM to depose or otherwise question Mr. Wallis.

The parties agree to Request 12, and the Court will entertain Request 13's objections as they arise. For the reasons stated above, it is therefore

**ORDERED AND ADJUDGED** that TDM's Motion In Limine, **ECF No. [95]**, is **GRANTED in part and DENIED in part** as stated herein. The Court notes that denial of the Motion "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial," as "the court may alter its ruling based on developments at trial or on its sound judicial discretion." *Gonzalez*, 718 F. Supp. 2d at 1345.

**DONE AND ORDERED** in Miami, Florida this 22nd day of April, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record